UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE T. CLARK,

        Plaintiff,

v.

LAFAYETTE PLACE LOFTS,
 *et al*,

        Defendant.
_____/

Case No. 14-12519

Linda V. Parker
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**MICHIGAN DEPARTMENT OF CIVIL RIGHTS' MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. 12(b)(1) AND (6) (Dkt. 23)**

**I.   PROCEDURAL HISTORY**

On June 26, 2014, plaintiff Willie T. Clark brought this action against defendants Lafayette Place Lofts, West Construction Services, and several individuals.  (Dkt. 1).  On July 17, 2014, plaintiff filed an amended complaint, adding the Michigan Department of Civil Rights ("MDCR") as a defendant.  (Dkt. 10).  Plaintiff alleges violations of the federal Fair Housing Act of 1968, as amended by the Fair Housing Act Amendments of 1988, the Michigan Persons with Disabilities Act, and the Michigan Elliott-Larsen Civil Rights Act.  (*Id.*)  On September 22, 2014, District Judge Linda V. Parker referred this matter to the undersigned for all pretrial matters.  (Dkt. 31).  On August 20, 2014, defendant

MDCR filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6). (Dkt. 23). Plaintiff filed a response to this motion on December 29, 2014. (Dkt. 40). The Court notified the parties that, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be determined without oral argument. (Dkt. 33). This motion is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant MDCR's motion to dismiss (Dkt. 23) be **GRANTED** and that plaintiff's claims against defendant MDCR be **DISMISSED WITH PREJUDICE**.

## II.  FACTUAL BACKGROUND

On or about April 1, 2013, plaintiff filed a race and disability civil rights complaint with the Michigan Department of Civil Rights ("MDCR"), No. 442275, against Defendant, Lafayette Place Lofts ("Lafayette Place"), an apartment complex located in Pontiac, Michigan. (Dkt. 23, Ex. A, MDCR Complaint). Specifically, Plaintiff is an African American male who claimed that his rental application was denied because of his race (in that he alleged that most of the tenants at Lafayette Place were white) and his disability (Schizophrenia), because none of the representatives he spoke with were disabled, suggesting that Lafayette Place was not receptive to disabled individuals. (*Id.*). As required by state law, the MDCR conducted an investigation of plaintiff's complaint. (Dkt. 23-3, Ex. B, MDCR Determination). Documents provided by defendant Lafayette Place

revealed that plaintiff's rental application was denied because of his criminal history and his poor credit score. (*Id.*). While Plaintiff's credit score of 522 was not fatal to his rental application, his criminal background check also included convictions for controlled substances, manufacturing and delivering, and armed robbery. (*Id.*) Of particular significance was plaintiff's armed robbery conviction, which was considered violent in nature and contrary to Lafayette Place's rental policy. (*Id.*) Another factor which played a role in the denial of plaintiff's rental application involved an incident where plaintiff came onto the property intoxicated and got into an altercation with a manager. (*Id.*).

In reference to plaintiff's race and disability claims, the MDCR investigated these claims and found that the Lafayette Place had forty-five units in total, of which, twenty were occupied by black tenants, twenty by white tenants, and four by other ethnic groups. (Dkt. 23-3, Ex. B, MDCR Determination). Also, the investigation found that Lafayette Place had three residents who were black and disabled. (*Id.*) Based on all these factors, the MDCR concluded that there was insufficient evidence to support plaintiff's race and disability complaints and that this matter would be dismissed. (Dkt. 23-3, Ex. B, MDCR Determination; Dkt. 23-4, Ex. C, Notice of Disposition and Order of Dismissal).

Plaintiff requested a reconsideration of this determination, but that request was denied on December 12, 2013. (Dkt. 23-5, Ex. D, MDCR's Letter Denying

Reconsideration). Under state law, a person aggrieved by a final determination by the MDCR may seek a review of that determination in state circuit court within 30 days. MCL 37.2606. Plaintiff failed to pursue his state remedies and instead filed this action in federal court.

### III. ANALYSIS AND CONCLUSIONS

#### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation

marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept

plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

### B. Plaintiff's Claims Against Defendant MDCR are Barred by the Eleventh Amendment

Defendant MDCR moves for dismissal on the ground that plaintiff's allegations against it are barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." United States Constitution Amend. XI. This is an express limitation not only on suits against a state government by citizens of another state or citizens of a foreign country, but on suits against a state government by citizens of the same state. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Thus, private individuals may not sue states in federal court without consent. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). The Supreme Court holds that the Eleventh Amendment bars such suits. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Neither "pendent jurisdiction[,] nor any other basis of jurisdiction, may override the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Holderman*, 465 U.S. 89, 121 (1984) (concluding that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment").

Regardless of the form of relief requested, the states and their departments

are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst*, 465 U.S. at 98-101; *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Plaintiff's claim against the MDCR is squarely barred by the Eleventh Amendment. As such, MDCR's motion to dismiss should be granted, and plaintiff's claims against the MDCR should be dismissed with prejudice. *See Simon v. Trieweller*, 2013 WL 164214, at *2 (W.D. Mich. Jan. 15, 2013) ("[T]he MDCR and the MSP are political subdivisions of the state, protected by sovereign immunity.") (collecting cases); *Merritt v. Isaguirre*, 2012 WL 7767244, at *3 (E.D. Mich. Sept. 27, 2012) (MDCR remains immune from suit under the Eleventh Amendment), *adopted by* 2013 WL 1148415 (E.D. Mich. Mar. 19, 2013); *Satkiewicz v. Michigan*, 2012 WL 3778983, at *2 (E.D. Mich. May 29, 2012) (MDCR entitled to Eleventh Amendment immunity), *adopted by* 2012 WL 3779177 (E.D. Mich. Aug. 31, 2012); *Erve v. Michigan Dep't of Civil Rights*, 2011 WL 6963108, at *3 (MDCR entitled to Eleventh Amendment immunity),

8

*adopted by* 2012 WL 37408 (E.D. Mich. Jan. 9, 2012).[1]

## IV. RECOMMENDATION

For the reasons set forth above, defendant MDCR's motion to dismiss should be **GRANTED** and plaintiff's claims against defendant MDCR should be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

---

[1] Defendant MDCR also argues that plaintiff's amended complaint against it should be dismissed because plaintiff failed to state a claim upon which relief can be granted and does not allege any basis for federal jurisdiction. As defendant correctly argues, plaintiff's amended complaint makes only vague references to MDCR's investigation of his civil rights complaints, and thus fails to state any facts supporting a legally cognizable claim against the MDCR. Moreover, as defendant explains, MCL 37.2606 provides that a person aggrieved by a determination of the MDCR has the right to appeal that determination to a state circuit court. MCL 37.2606(1). Plaintiff failed to exercise this remedy under state law. Plaintiff's amended complaint against defendant MDCR should be dismissed for these reasons as well.

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 21, 2015                s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on January 21, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Willie T. Clark, 1223 Colony Ln., No. 222, Pontiac, MI 48340.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov

10