UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE T. CLARK, | Case No. 14-12519 |
| Plaintiff, | Linda V. Parker |
| v. | United States District Judge |
| LAFAYETTE PLACE LOFTS, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
MOTION TO DISMISS (Dkt. 66) and
<u>MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 63)</u>**

**I.     PROCEDURAL HISTORY**

On June 26, 2014, plaintiff Willie T. Clark brought this action against defendants Lafayette Place Lofts, West Construction Services, and several individuals. (Dkt. 1). On July 17, 2014, plaintiff filed an amended complaint. (Dkt. 10). Plaintiff alleges violations of the federal Fair Housing Act of 1968, as amended by the Fair Housing Act Amendments of 1988 (FHA), the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), and the Michigan Elliott-Larsen Civil Rights Act (ELCRA). (*Id.*) On January 7, 2016, District Judge Linda V. Parker referred this matter to the undersigned for all pretrial proceedings. (Dkt. 64).

The State of Michigan was dismissed as a defendant previously after the

1

Court determined plaintiff's claims against it were barred by the Eleventh Amendment. (Dkt. 46). After service was returned unexecuted as to defendant Angela Holbrook, the Court ordered plaintiff to provide an updated address for defendant Holbrook, and ordered plaintiff to show cause why he did not provide the updated address. (Dkt. 38, 50). No updated address was provided by plaintiff and defendant Holbrook remains unserved. (Dkt. 53). All remaining defendants filed a motion to dismiss[1] on February 22, 2016. (Dkt. 66). Plaintiff was directed to respond to defendants' motion by April 1, 2016. (Dkt. 67). Plaintiff was also cautioned that: "**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party.**" (Dkt. 67) (emphasis in original). The Court notified the parties that, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion would be determined without oral argument. (Dkt. 67). Plaintiff failed to file a response, and the Court issued an Order to Show Cause, in writing by May 12, 2016, why this Court should not recommend the dismissal of plaintiff's complaint. (Dkt. 73). Again, plaintiff was explicitly warned: "**Failure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion to**

---

[1] Entitled "Motion to Dismiss Pursuant to Fed.R.Civ.P. 56," defendants' motion, which attaches excerpts from plaintiff's deposition and an affidavit from defendant Robert Davis, should have been styled a motion for summary judgment and shall be construed by the Court as such. *See* Fed.R.Civ.P. 12(d).

2

**dismiss will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (Dkt. 73)(emphasis in original). Plaintiff filed a pleading styled as a response to the Order to Show Cause on May 11, 2016.[2] (Dkt. 74). This motion is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment (Dkt. 66) be **GRANTED** pursuant to Federal Rule of Civil Procedure 56 or, in the alternative, under Federal Rule of Civil Procedure 41(b), that plaintiff's claims against defendants be **DISMISSED WITH PREJUDICE**, and that the pending motion for appointment of counsel (Dkt. 63) be **TERMINATED** as **MOOT**.

## II.   FACTUAL BACKGROUND

On or about April 1, 2013, plaintiff filed a race and disability civil rights complaint with the Michigan Department of Civil Rights ("MDCR"), No. 442275, against Defendant, Lafayette Place Lofts ("Lafayette Place"), an apartment complex located in Pontiac, Michigan. (Dkt. 66-2, MDCR Final Investigative Report). Specifically, plaintiff, an African American male, claimed that his rental

---

[2] This pleading, like plaintiff's many other submissions, is virtually incomprehensible, provides absolutely no legal or factual basis to refute defendants' motion for summary judgment, and is subject to being stricken from the Docket. *See Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

3

application was denied because of his race (in that he alleged that most of the tenants at Lafayette Place were white) and his disability (Schizophrenia), because none of the representatives he spoke with were disabled, suggesting that Lafayette Place was not receptive to disabled individuals. (*Id.*). As required by state law, the MDCR conducted an investigation of plaintiff's complaint. (*Id*). Documents provided by defendant Lafayette Place revealed that plaintiff's rental application was denied because of his criminal history and his poor credit score. (*Id.*). Although plaintiff's credit score of 522 was not fatal to his rental application, his criminal background check also included convictions for controlled substances, manufacturing and delivering, and armed robbery. (*Id.*) Of particular significance was plaintiff's armed robbery conviction, which was considered violent in nature and contrary to Lafayette Place's rental policy. (*Id.*) Another factor which played a role in the denial of plaintiff's rental application involved an incident where plaintiff came onto the property intoxicated and got into an altercation with a manager. (*Id.*).

In reference to plaintiff's race and disability claims, the MDCR investigated these claims and found that the Lafayette Place had forty-five units in total, of which, twenty were occupied by black tenants, twenty by white tenants, and four by other ethnic groups. (*Id*). Also, the investigation found that Lafayette Place had three residents who were black and disabled. (*Id.*) Based on all these factors,

the MDCR concluded that there was insufficient evidence to support plaintiff's race and disability complaints and that this matter would be dismissed. (*Id*).

Plaintiff filed this action in federal court, alleging defendants discriminated against him based on his race and disability, in violation of the FHA, PWDCRA and ELCRA.

### III. ANALYSIS AND CONCLUSIONS

#### A. Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial burden of showing no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can discharge this burden in one of two ways: by producing evidence demonstrating there is no genuine issue of material fact, or by showing that the nonmoving party fails to provide sufficient evidence to establish the existence of an element essential to that party's case. *Id.* If the moving party has met its burden, the nonmoving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). In other words, the party

opposing the motion "must show she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (emphasis in original).

When reviewing summary judgment motions, a court must view the evidence, and the reasonable inferences that can be drawn from it, in a light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. However, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). There must be evidence on which a jury could reasonably find for the nonmoving party. *Id.* Summary judgment shall be awarded "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 317.

As an initial matter, plaintiff has not responded to defendants' motion for summary judgment. Thus, provided that defendants discharge the initial burden of demonstrating the absence of a genuine issue of material fact, the undersigned could recommend granting defendants' motion for this reason alone. *Caldwell v. City of Southfield*, 2015 WL 7016336, at *9 (E.D. Mich. November 12, 2015)

6

(citing *Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998)); *see also Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) (A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment).

### B.  FHA Claim

The Fair Housing Act, broadly speaking, prohibits discrimination in the sale or rental of housing and in the provision of housing services or facilities "because of race, color, religion, sex, familial status, or national origin." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014) (quoting 42 U.S.C. § 3604(a), (b)).  In many ways the FHA, which comprised one piece of the Civil Rights Act of 1968, both tracks and builds upon Title VII of the Civil Rights Act of 1964, which prohibits discriminatory employment practices.  *Id*; see 42 U.S.C. § 2000e-2.  Both Title VII and the FHA prohibit intentional discrimination, known as disparate treatment, as well as "practices that are not intended to discriminate but in fact have a disproportionately adverse effect" on a protected class, known as disparate-impact claims.  *Hollis*, 760 F.3d at 537 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)).  Because Title VII and the FHA employ similar language and "are part of a coordinated scheme of federal civil rights laws enacted to end discrimination," much of the FHA jurisprudence is drawn from cases interpreting Title VII.  *Id*. (citing *Graoch Assocs. # 33, L.P. v. Louisville/Jefferson Cnty. Metro*

7

*Human Relations Comm'n*, 508 F.3d 366, 371 (6th Cir. 2007)).  Hence, under the FHA, a landlord is prohibited from using impermissible criteria such as race, color, or handicap status in rental transactions and, when analyzing claims of intentional discrimination under the FHA, the Court applies the intent-devining, three-part burden shifting test set forth by the Supreme Court for employment discrimination cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Hollis*, 760 F.3d at 538-39.

> On summary judgment, this burden-shifting scheme first requires that the plaintiff present evidence from which a reasonable jury could conclude that there exists a prima facie case of housing discrimination.  If the plaintiff is successful, the burden shifts to the defendant to offer evidence of a legitimate, nondiscriminatory reason for the adverse housing decision. If the defendant carries his burden, the burden shifts back to the plaintiff to identify evidence from which a reasonable jury could conclude that the proffered reason is actually pretext for unlawful discrimination.

*Lindsay v. Yates*, 578 F.3d 407, 414-15 (6th Cir. 2009).

Poor credit has been ruled to be a legitimate, nondiscriminatory reason for adverse housing decisions.  *See Schanz v. The Village Apartments*, 998 F.Supp. 784, 789 (E.D. Mich. 1998).  Thus, even assuming *arguendo*, that plaintiff had set forth a viable prima facie case of intentional discrimination against defendants, defendants have offered evidence of legitimate, nondiscriminatory reasons (poor credit and previous convictions for violent crimes) to deny plaintiff housing.  *See*

*id.*; (Dkt. 66-2, 66-4, 66-5). The burden therefore shifts back to plaintiff to present evidence that defendants' legitimate reason was mere pretext for unlawful discrimination. As noted by defendants, plaintiff conceded at his deposition that he had no evidence (outside of what he had already presented to the Court) to support his claim that he was denied an apartment because of discrimination. (Dkt. 66-3, at 92). A review of plaintiff's submissions to this Court reveal no such evidence. Accordingly, plaintiff has not met his burden of adducing any evidence that defendants' denial was a pretext for discrimination. Accordingly, plaintiff cannot meet his burden to establish evidence or inferences sufficient to create a genuine issue of material fact for trial and summary judgment on his FHA claim is appropriate.

    C.    **PWDCRA Claim (Mich. Comp. Laws § 37.1101 *et seq*.)**

To prove a prima facie case of intentional handicap discrimination in a real estate transaction under Mich. Comp. Laws § 37.1502, a plaintiff must show that he was a member of a protected class and that he was treated differently from similarly situated members of the unprotected class." *Bachman v. Swan Harbour Ass'n*, 252 Mich.App. 400, 433 (2002). Because of the similarities between the PWDCRA and the FHA, courts employ the principles expressed in federal case law, including the *McDonnell Douglas* burden shifting test. *Id.* at 417. Accordingly, for the reasons discussed above, plaintiff has not met his burden

under *McDonnell Douglas* or Rule 56; summary judgment in defendants' favor is appropriate.

### D. ELCRA Claim

Count III of plaintiff's amended complaint asserts that defendants' discrimination also violated the Elliott–Larsen Civil Rights Act (ELCRA), the analogous fair housing provision enacted by Michigan. Mich. Comp. Laws § 37.2502. In interpreting Michigan's fair housing law, the courts refer to its federal counterpart for guidance. *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634 (6th Cir. 2000). Again, the burden-shifting paradigm of *McDonnell Douglas* is used to evaluate claims of direct discrimination under ELCRA. *Yousif v. Bank of New York Mellon*, 2012 WL 2403472, at *6 (E.D. Mich. June 26, 2012). Plaintiff has not adduced any evidence to overcome defendants' duly-proffered evidence of a legitimate, nondiscriminatory reason for rejection, thus failing to meet his burdens under *McDonnell Douglas* and Rule 56. Accordingly, defendants are entitled to summary judgment in their favor.

### E. Plaintiff's Remaining Claims

Plaintiff's remaining claims against defendants seem to reiterate his other discrimination allegations. (Dkt. 10). "As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted." *Agee v. Wells Fargo*

*Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010), citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). In this case, as in *Agee*, "no more than guessing could take place." *Id*. Thus, despite plaintiff's *pro se* status, given the repetitive, inscrutable nature of the remaining allegations[3], the undersigned concludes that dismissal of the remaining counts is appropriate.

### F. Alternative Dismissal under Rule 41(b)

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."

---

[3] To the extent Count IV can be read to allege that defendants failed to timely respond to the MDCR's investigation and that such failure violated the FHA, or other statute, such allegations fail to set forth a prima facie case of discrimination. *See Schanz*, 998 F.Supp. at 788(Plaintiff establishes a prima facie case of discrimination by demonstrating: (1) plaintiff belongs to a protected class of persons; (2) defendants were aware of it; (3) plaintiff was ready and able to accept defendants' offer to rent or buy, and; (4) defendants refused to deal with the plaintiff.). Defendants are entitled to summary judgment on this basis.

*Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).  Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the

12

investment of time and resources expended to defend this case." *Id*. Consequently, undersigned concludes that plaintiff's repeated failures to respond to the motion for summary judgment also amounts to abandonment for the purpose of this analysis. *See Brown*, 545 Fed. Appx. at 372; *see also Caldwell*, 2015 WL 7016336, at *9. Thus, the first and second factors weigh in favor of dismissal.

Moreover, based on the number of warnings given to Plaintiff, the third factor also clearly weighs in favor of dismissal. This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal more than once, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). In this case, as in *Croton*, the Court warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if he failed to file a response to the motion and to the order to show cause. (Dkt. 67, 73). *See also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). And finally, given plaintiff's failure to file responses as ordered and failure to respond to the order to show

13

cause,[4] the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). As noted above, plaintiff has apparently abandoned his claims by failing to respond to the motion for summary judgment. *See Brown*, 545 Fed. Appx. at 372; *see also Caldwell*, 2015 WL 7016336, at *9. Under these circumstances, in the view of the undersigned, dismissal with prejudice under Rule 41(b) is appropriate as an

---

[4] Although plaintiff filed a pleading entitled Response to Order to Show Cause subsequent to this Court's issuance of the Order to Show Cause, that pleading is not responsive to defendants' motion for summary judgment, and as noted above, subject to being stricken. (Dkt. 73,74). A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment. *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013). The Sixth Circuit has applied this well-established rule even to *pro se* plaintiffs. *Caldwell v. City of Southfield*, 2015 WL 7016336, at *9 (E.D. Mich. November 12, 2015) (citing *Campbell v. Hines*, 2013 WL 7899224, at *4 (6th Cir. Aug. 8, 2013)).

alternative to granting defendants' motion for summary judgment.

Furthermore, because plaintiff has failed to provide an updated address to effectuate service on defendant Holbrook, dismissal of defendant Holbrook is also appropriate under Rule 4(m).  *See Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.").

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** defendants' motion to dismiss (Dkt. 66) should be **GRANTED** and plaintiff's claims against defendants should be **DISMISSED WITH PREJUDICE** and pending motion for appointment of counsel (Dkt. 63) be **TERMINATED** as **MOOT**.

In the alternative, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b), and under Federal Rule of Civil Procedure 4(m) as to defendant Holbrook only, and pending motion for appointment of counsel (Dkt. 63) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 3, 2016               s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on August 3, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to <u>all counsel of record</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Willie T. Clark, 1223 Colony Ln., No. 222, Pontiac, MI 48340</u>.

                                                   <u>s/Tammy Hallwood</u>
                                                   Case Manager
                                                   (810) 341-7887
                                                 tammy_hallwood@mied.uscourts.gov