UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE T. CLARK,

       Plaintiff,

                                          Civil Case No. 14-12519

v.                                      Honorable Linda V. Parker

LAFAYETTE PLACE LOFTS,
WEST CONSTRUCTION SERVICES,
KYLE WESTBERG, BRENT WESTBERG,
ANGELA HOLBROOK, BOB DAVIS, and
STATE OF MICHIGAN DEPARTMENT OF
CIVIL RIGHTS,

       Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S AUGUST 3, 2016 REPORT AND RECOMMENDATION [ECF NO. 75] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 66]**

      Plaintiff filed this lawsuit against Defendants claiming violations of the federal Fair Housing Act, the Michigan Persons with Disabilities Civil Rights Act, and the Michigan Elliott-Larsen Civil Rights Act. Plaintiff's claims arise from the denial of his rental application at Lafayette Place Lofts ("Lafayette Place"), an apartment complex in Pontiac, Michigan. The matter has been referred to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 64.)

On September 28, 2015, Plaintiff filed a motion for appointment of counsel. (ECF No. 63.) On February 22, 2016, all remaining defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1] (ECF No. 66.) Plaintiff failed to file a timely response to Defendants' motion. Therefore, on April 28, 2016, Magistrate Judge Davis issued an order requiring Plaintiff to show cause in writing by May 12, 2016, as to why the magistrate judge should not recommend the dismissal of his Complaint. (ECF No. 73.) Plaintiff filed a document styled as a response to the show cause order on May 11, 2016.[2] (ECF No. 74.)

On August 3, 2016, Magistrate Judge Davis issued a Report and Recommendation ("R&R") in which she recommends that this Court grant Defendants' motion for summary judgment. (ECF No. 75.) Magistrate Judge Davis concludes that Defendants establish legitimate, non-discriminatory reasons

---

[1] The Court previously dismissed Plaintiff's Complaint against the State of Michigan Department of Civil Rights, finding the claims barred by the Eleventh Amendment. (ECF No. 46.) Plaintiff has failed to provide an updated address for Defendant Angela Holbrook, despite being ordered to do so, and thus this defendant has never been served with a Summons and a copy of the Complaint. (*See* ECF No. 38, 50.)

[2] In her Report and Recommendation, Magistrate Judge Davis notes that Plaintiff's response to the show cause order, like many of his other submissions, "is virtually incomprehensible" and "subject to being stricken from the [d]ocket." (*Id*. at Pg ID 1153 n.2.)

for rejecting Plaintiff's application for an apartment at Lafayette Place, specifically his criminal history and his poor credit score. (*Id.* at Pg ID 1158-59.) Magistrate Judge Davis finds that Plaintiff presents no evidence to demonstrate that these reasons were a pretext for race or disability discrimination. (*Id.* at Pg ID 1159.) Further, as set forth in the factual background section of the R&R, the Michigan Department of Civil Rights' investigation of Plaintiff's complaint regarding the denial of his application revealed that of the forty-five total units at Lafayette Place, twenty were occupied by black tenants and three were occupied by black and disabled tenants. (*Id.* at Pg ID 1154.) Magistrate Judge Davis alternatively recommends that the Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with an order. (*Id.* at Pg ID 1161-65.) Based on these recommendations, the magistrate judge further recommends that the Court dismiss as moot Plaintiff's motion for appointment of counsel. (*Id.* at Pg ID 1153.)

At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 1165-66.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.* at Pg ID 1166.) In response to Plaintiff's request for an extension of time to file his objections, submitted August 17, 2016 (ECF No. 76), this Court

extended the deadline for objections to September 9, 2016. On September 9, 2016, Plaintiff filed the same document he filed on August 17, 2016. (ECF No. 77.) The Court will construe these submissions as Plaintiff's objections to the R&R.

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff lists three "objections" in his August 17 and September 9 submissions. The first two objections do not address Magistrate Judge Davis' August 3, 2015 R&R, however. While Plaintiff's final objection appears to be directed at Magistrate Judge Davis' findings in her R&R, the Court finds it difficult to discern what arguments Plaintiff is asserting. The Court, in any event, finds no evidence in the record to refute Defendants' legitimate, non-

4

discriminatory reasons for rejecting Plaintiff's housing application.[3] As such, the Court is adopting Magistrate Judge Davis' recommendation to grant Defendants' motion for summary judgment. Therefore, the Court finds it unnecessary to consider dismissal under Rule 41(b) and is dismissing as moot Plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (ECF No. 66) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 63) is **DENIED AS MOOT**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 20, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 20, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager

---

[3] Based on this finding, the Court is *sua sponte* dismissing Plaintiff's Complaint against Defendant Holbrook as well.