UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE T. CLARK,

       Plaintiff,

v.                                                                   Civil Case No. 14-12519
                                                                  Honorable Linda V. Parker

LAFAYETTE PLACE LOFTS,
WEST CONSTRUCTIONS SERVICES,
ANGELA HOLBROOK, BRENT WESTBERG,
and STATE OF MICHIGAN DEPARTMENT OF
CIVIL RIGHTS,

       Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION**

Plaintiff filed this lawsuit against Defendants claiming violations of the federal Fair Housing Act, the Michigan Persons with Disabilities Civil Rights Act, and the Michigan Elliott-Larsen Civil Rights Act. The Court dismissed the Michigan Department of Civil Rights as a defendant based on sovereign immunity. The remaining defendants thereafter filed a motion for summary judgment, which this Court granted on September 20, 2016 upon the recommendation of Magistrate Judge Stephanie Dawkins Davis. (ECF No. 78.) Plaintiff filed an appeal. In an Order issued August 11, 2017, the Sixth Circuit affirmed this Court's judgment. (ECF No. 88.) The Sixth Circuit issued its mandate on September 5, 2017. (ECF No. 90.) This matter is now before the Court on Plaintiff's motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b) on October 15,

2018. (ECF No. 92.) For the reasons set forth below, the Court denies Plaintiff's motion.

>Rule 60(b) provides:
>
>On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff cites subsections (1)-(3) and (6) in support of his motion. A motion under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006).

Plaintiff is seeking relief from the Court's September 20, 2016 summary judgment decision. More than two years passed between that decision and the filing of Plaintiff's pending motion and thus it is untimely to the extent he relies on Rule 60(b)(1)-(3). The Court concludes that this delay was not reasonable to the extent he relies on Rule 60(b)(6).

Plaintiff does not identify any good reason for not filing his Rule 60(b) motion earlier. The basis for the motion—from what the Court can discern—should have been known to Plaintiff before the judgment was entered.[1] Moreover, even if Plaintiff's motion could be construed as timely for purposes of Rule 60(b)(6), he fails to identify "exceptional or extraordinary circumstances" warranting relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment pursuant to Rule 60(b) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 8, 2018

---

[1] One of Plaintiff's basis for seeking relief is that Magistrate Judge Davis' initials appear in the header of electronic documents filed before she took the bench. Plaintiff believes this reflects fraud. The Court wants Plaintiff to know, however, that the header always reflects the initials of the *current* district judge and magistrate judge assigned to the case regardless of when the document was filed.

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 8, 2018, by electronic and/or U.S. First Class mail.

                                                             s/ R. Loury
                                                             Case Manager